PALMER *v.* DILLARD.

5-492 272 S. W. 2d 66

Opinion delivered November 1, 1954.

W. F. Reeves, for appellant.

N. J. Henley and Thomas B. Tinnon, for appellee.

ED. F. McFADDIN, Justice. This appeal results from the collision of two automobiles on U. S. Highway No. 65. Plaintiff's (appellee's) car was being driven to the South, and defendant's (appellant's) car was being driven to the North. The case was submitted to the Jury on the issue (among others) of which driver was at fault; and the Jury rendered a verdict against the defendant. The only issue on appeal is whether the evidence was sufficient to support the verdict.

The driver of the plaintiff's car testified that when he drove over the top of a small elevation, he saw the defendant's car was about three hundred feet away, and on the wrong side of the road; that plaintiff's driver then swerved to his left in order to avoid the defendant; that the defendant then started back to the defendant's right side of the road; the plaintiff's driver then returned to the plaintiff's right side of the road; that plaintiff's front wheels were both in plaintiff's right side of the road when the collision occurred; that defendant's car was about two feet over on the plaintiff's side of the road; that the left front of the plaintiff's car collided with the left front of the defendant's car; and that no collision would have occurred if the defendant had been

on defendant's side of the road. Plaintiff's driver also testified that the defendant stated immediately after the collision that the defendant was looking at some flowers near the road and did not see the plaintiff's car until the collision occurred. Although this was denied by the defendant, the acceptance was for the Jury.

We see no occasion to detail all of the evidence. We have stated sufficient of it to show that there was substantial evidence to take the case to the Jury on the question of fact as to (a) who was at fault, and (b) whether the plaintiff was free of contributory negligence. Under our legal system, the Jury is the authority to decide those questions, and also the question of the credibility of the witnesses. *Oviatt* v. *Garretson,* 205 Ark. 792, 171 S. W. 2d 287; *Faulkner* v. *Crawford,* 119 Ark. 6, 177 S. W. 35. On appeal we give the evidence its strongest probative force in favor of the Jury verdict. *Potashnick* v. *Archer,* 207 Ark. 220, 179 S. W. 2d 696.

Affirmed.